# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11cv34

| | | |
|---|---|---|
| I PLAY. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| NATIVE CANADA FOOTWEAR, LTD., WEALTH INTELLIGENCE COMPANY LIMITED, and NATIVE SHOES LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court *sua sponte*.

On May 13, 2010, the Plaintiff i play. inc. filed this action against the Defendants Native Canada Footwear, Ltd., Wealth Intelligence Company Limited, and Native Shoes Limited. [Doc. 1]. It is alleged that Native Canada Footwear, Ltd. is a Canadian corporation, and that Wealth Intelligence Company Limited and Native Shoes Limited are Chinese limited companies. [Id.]. To date, there is nothing in the record to indicate that the Plaintiff has served the Defendants.

The Federal Rules of Civil Procedure generally require a plaintiff to serve a defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). This 120-day requirement, however, "does not apply to service in a foreign country." Id. While Rule 4(m) does not limit the time for service on a foreign defendant, "the amount of time allowed for foreign service is not unlimited." Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005). The Court may dismiss an action if the plaintiff fails to attempt service within a reasonable amount of time. See id. ("If . . . a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim."); see also USHA (India), Ltd. v. Honeywell Int'l, Inc., 421 F.3d 129, 133-34 (2d Cir. 2005) (concluding that exemption from 120-day limit for service does not apply if "the plaintiff did not attempt to serve the defendant in the foreign country"); Allstate Ins. Co. v. Funai Corp., 249 F.R.D. 157, 161-62 (M.D. Pa. 2008)(concluding that exemption from 120-day limit for service does not apply where plaintiff failed to make "a reasonable, good faith effort to attempt service abroad during the 120-day period").

In the present case, there is nothing in the record to indicate that the Plaintiff has attempted to effect service on the Defendants to date. Accordingly, the Plaintiff is hereby placed on notice that unless good cause

is shown to the Court for its failure to effect service of the Summons and Complaint on the Defendants within fourteen (14) days from service of this Order, the Plaintiff's action against these Defendants shall be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall show good cause within fourteen (14) days of service of this Order for the failure to effect service on the Defendants Native Canada Footwear, Ltd., Wealth Intelligence Company Limited, and Native Shoes Limited; and

**IT IS FURTHER ORDERED** that failure of the Plaintiff to respond in writing within fourteen (14) days shall result in a dismissal without prejudice of this action.

**IT IS SO ORDERED.**

Signed: June 16, 2011

Martin Reidinger
United States District Judge